**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07-CV-P101-S**

**GREGORY IRVIN GOETZ**                                                                           **PLAINTIFF**

**v.**

**SUE YOUNG** *et al.*                                                                                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiff's official capacity money damages claims. The Court will enter a Scheduling Order to govern development of the remaining claims.

**I.**

Plaintiff, an inmate currently incarcerated at the Luther Luckett Correctional Complex, commenced this action on or about February 26, 2007, by filing a complaint against five different defendants: 1) Physical Therapist Sue Young; 2) Nurse Practitioner Deb Williams; 3) Medical Director Dr. Scott Haas; 4) Dr. Steve Hiland; and 5) A.R.N. P. Chanin Hiland. Plaintiff has sued each Defendant in both his/her official and individual capacities. Plaintiff is seeking injunctive relief requiring Defendants to provide him with an M.R.I. and an appointment with a neurosurgeon to determine the extent of and treatment options available to correct injuries Plaintiff suffered in April 2006. Plaintiff is also seeking $30,000.00 in compensatory damages and $50,000.00 in punitive damage.

According to Plaintiff, in April 2006, he hurt his neck while working out. As a result, he signed up for sick call numerous times complaining about pain in his neck. Plaintiff alleges that

Defendant Williams "never once looked at or touched" his neck. Instead, she told Plaintiff that he was on Neurontin and Baclofen. Plaintiff claims that these medications were prescribed for him for other disorders and were ineffective at relieving the pain he was experiencing from his neck injury. Plaintiff then alleges that he was sent to Kentucky State Reformatory for physical therapy, but was told by Defendant Young that he did not have a herniated disk. Plaintiff disagrees with her assessment and feels that given his symptoms he should have been seen by a medical doctor, not merely a physical therapist. Plaintiff alleges that his problems are "getting worse not better." He alleges that he is in so much pain that he cannot sleep and suffers from frequent muscle spasms. Plaintiff states despite his continued complaints, Defendants have refused to provide him with any further treatment for his neck. Plaintiff fears that if he does not receive immediate medical attention, he may be disabled for the rest of his life. In conclusion, Plaintiff alleges that Defendants' conduct in denying him appropriate medical care violates the Eighth Amendment.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a

claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

### III.

**A.     Section 1983 official capacity claims for damages**

The § 1983 official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official capacity claims for damages against all Defendants will be dismissed by separate Order.

**B.     Remaining claims**

Plaintiff's § 1983 Eighth Amendment claims that he has been and is being denied adequate medical treatment will continue against all Defendants in their official capacities for

3

injunctive relief and in their individual capacities for damages. The Court will enter a separate Scheduling Order to govern the development of these remaining claims. In permitting the remaining claims to go forward, the Court passes no judgment on the ultimate outcome of this action.

The Court will enter appropriate Orders consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.008